VACUUM ASH AND SOOT CONVEYOR COMPANY, APPEL-
LANT, v. HUYLER'S, A CORPORATION, RESPONDENT.

Argued October 31, 1924—Decided January 19, 1925.

1. Two contracts were made on the same day by the same parties, one to furnish and install a vacuum ash conveyor system, the other to build a reinforced concrete ash tank. *Held*, it was not error for the trial court to treat the two contracts as intended to operate together. They are not separate and distinct matters; the ash conveyor and tank are to be used in connection with each other and are dependent upon each other, and are both necessary to a complete ash conveyor system.
2. The mere fact that the ash conveyor system was built on the land, and is in the possession of the defendant, does not constitute an acceptance. The question of acceptance is one of fact, depending upon the circumstances of each particular case.
3. The damages recoverable for the breach of such a contract are such, as would reasonably be expected, as a result of a breach. In this case, the amount of the purchase price which the defendant was obliged to pay under the contract, is the measure of the damages.

On appeal from the Essex County Circuit Court.

For the appellant, *Hugo Woerner* and *Frank E. Bradner*.

For the respondent, *Fort & Shipman*.

The opinion of the court was delivered by

BLACK, J. The trial of this case resulted in a verdict in favor of the defendant on the counter-claim for $5,829.82. The suit was brought by the plaintiff to recover the amount alleged to be due under two written contracts. The complaint in the first count alleged that the parties, on the 15th of March, 1919, made a written contract whereby the plaintiff agreed to furnish and install a vacuum ash conveyor system for Huyler's plant, at New York City, for the sum of $2,795, on which the defendant had paid the sum of $1,677, leaving a balance due of $1,118. In the second count, it is alleged that the same parties on the same date

made a written contract whereby the plaintiff agreed to build a reinforced concrete ash tank for the sum of $3,012, on which the defendant had paid the sum of $2,842.24, leaving a balance due of $169.76. The answer alleges that the contracts were never completed by the plaintiff and accepted by the defendant according to the terms of the contracts, and, by way of counter-claims, demands back the payments of $1,677, $2,842.24 and $193.96, the value of tools and materials furnished by the defendant to the plaintiff, which were used by the plaintiff in the attempted construction of the vacuum ash conveyor system and the reinforced concrete ash tank.

The grounds of appeal are alleged trial errors, eight in number. The first three errors are a refusal of the trial judge to charge the jury and the plaintiff's requests to charge, and the remaining five alleged errors in the charge of the trial judge to the jury.

The first, second and fourth grounds of appeal all refer to the same point. The first two refer to the plaintiff's requests to charge, which were charged by the trial judge in the exact language of the requests, but he said they were intended to operate together. This is basis of the exception. The exception in the fourth ground refers to what the court said about the two contracts jointly, viz., the vacuum ash conveyor system and the reinforced concrete ash tank. The trial judge said that the evidence shows that they are not separate and distinct matters, but that the ash conveyor and tank are to be used in connection with each other and are dependent upon each other, and are both necessary to a complete ash conveyor system; the conveyor could not be used without the tank and the tank is useless without the conveyor; while the parties made two contracts, they are not separate and distinct from each other, but are related and may be considered together. This was not error. It is in accord, under the evidence, with the case of *Smith* v. *York Manufacturing Co.,* 58 *N. J. L.* 242, 252. In that case the contracts for furnishing the boilers and the chimney stack were treated as an entire contract. The stack was part of the boiler plant, placed on the same foundation and brickwork, and was

adapted especially for that kind of boilers, and not for other boilers, on account of the peculiar construction of the flues.

The third ground of appeal, which was a refusal to charge the plaintiff's fifth request, viz., the plaintiff is not liable for defects in the work, &c., and it is not liable for defects due to location of the tank or its width. This has not been argued in the brief of the appellant, and, therefore, need not be considered. But we may say in passing that in view of the evidence in the record, which we need not recite, the refusal of the trial judge to charge the request was not error, but was proper.

So, there is no error in the charge of the court, alleged as the fifth ground of appeal, viz., that the mere fact that it (*i. e.,* the conveyor system), is in the possession of the defendant, does not constitute an acceptance of it, &c., by the terms of the contract, the defendant never having paid the full purchase price, the title to this equipment is in the plaintiff and not in the defendant. In *Bozarth* v. *Dudley,* 44 *N. J. L.* 304, 312, it is said an acceptance by the owner may be express or implied from his conduct. It seems well settled that mere occupancy of the building by the owner, while appropriate, is neither presumptive nor conclusive evidence of acceptance. The reason is obvious. The building belongs to the owner of the land on which it stands. Of course, continued possession and use may amount to an acceptance. *Vapor Vacuum Heating Co.* v. *Kaltenbach, &c., Inc.,* 94 *Id.* 450. But to constitute an acceptance, there must be an acceptance by some unequivocal act with intent to take possession of the goods as owner. This question is one of fact. It depends upon the circumstances of the particular case. *Mechanical Boiler Cleaner Co.* v. *Kellner,* 62 *Id.* 544, 560.

The sixth ground of appeal is an exception to that part of the charge, as follows: "The contract calls for a capacity of sixteen tons, and, if the capacity of the tank is only twelve tons, that is not in compliance with this contract." We cannot see any error in that statement by the trial judge. It seems to us self-evident.

The seventh and eighth grounds of appeal, alleged errors in the charge. These may be considered together, viz., "if you find that the system and ash tank in conjunction are not reasonably fit for the purpose of removing the defendant's ashes, then you must find for the defendant, and the defendant is entitled to recover all moneys paid to the plaintiff, the amount demanded by the counter-claims." Eighth. "The burden of proof is upon the plaintiff to establish the fact that it erected there a workable system according to the contract, the plans and specifications." This latter point is not argued in the plaintiff's brief. But just why the appellant conceives this not to be an accurate statement of an elementary legal principle is not clear to us.

On the first of these propositions, as to the rule under which damages may be recovered, this court said, in the case of *Berg* v. *Rapid Motor Vehicle Co., 78 N. J. L.* 724, 726, that a manufacturer or maker who undertakes to supply an article for a particular purpose, warrants it to be reasonably fit for that purpose. *Kellogg Bridge Co.* v. *Hamilton, 110 U. S.* 108, 117. Whether the action shall be technically considered an action on a warranty, or an action for the non-performance of a contract, is entirely immaterial. *Wolcott* v. *Mount, 36 N. J. L.* 262.

The damages recoverable for a breach of such contract are such as might reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, such as are the probable results of the breach of it; damages that would reasonably be expected to result from a breach. *Wolcott* v. *Mount, 36 N. J. L.* 262, 271; 4 *Comp. Stat., p.* 4664, § 69.

The loss naturally resulting in this case was the amount of purchase price which the defendant was obliged to pay under the contract, and that is the measure of its damages. This rule was applied by this court in the cases of *Meader* v. *Cornell, 58 N. J. L.* 375; *Berg* v. *Rapid Motor Vehicle Co., 78 Id.* 724, 728; see 4 *Comp. Stat., p.* 4664, § 70; 8 *R. C. L.* 455, §§ 25, 26.

The cases cited by the appellant in the brief (*Feeney* v. *Bardsley,* 66 *N. J. L.* 239; *Brannworth* v. *Borough of Verona,* 94 *Id.* 194) such as which apply the rules that, where there has been a substantial performance, the plaintiff may recover with a fair allowance to the defendant to make good the defects in the performance of the contract, are not applicable to the facts in the record of this case. It would be unreasonable to require the defendant to assume and pay in part for a plant that it cannot use and which is not complete for use. It would be both impracticable and unreasonable to make an allowance to the defendant for making the plant usable, when the plaintiff is unable to accomplish such a result.

Finding no error in the record, the judgment of the Essex Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.